UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINE MIRANDA,<br><br>Movant,<br><br>v.<br><br>OFFICE OF THE TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION,<br><br>Respondent. | **14-mc-00059 GSA**<br><br>**ORDER TO MOVANT REQUIRING THE FILING OF THE SUBPOENA AND RELATED DOCUMENTS** |

The movant, Ernestine Miranda ("movant"), filed a Motion for an Order Pursuant to the Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 against the Office of the Treasury Inspector General for Tax Administration ("Office of the Treasury") on August 28, 2014. As a general matter, the RFPA permits challenges by customers of financial institutions to government subpoenas. See, 12 U.S.C. § 3410(a). These challenge procedures constitute the sole judicial remedy available to customers who oppose the disclosure of their financial records pursuant to the RFPA. 12 U.S.C. § 3401 *et seq.*, 12 U.S.C. § 3410(e).

Pursuant to 12 U.S.C. § 3410(a), a customer of a financial institution "may file a motion

to quash an administrative summons or judicial subp[o]ena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request" within "*ten days of service or within fourteen days of mailing*" of said summons or subpoena, with "copies served upon the Government authority."[1]  A motion to quash a judicial subp[o]ena shall be filed in the court which issued the subp[o]ena.  Such a written request shall be filed in the appropriate United States district court and shall contain an affidavit or sworn statement providing the following:

> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
>
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

Service shall be made under this section upon a Government authority by delivering or mailing by registered or certified mail a copy of the papers to the person, office, or department specified in the notice which the customer has received pursuant to this chapter.

Plaintiff is advised that the Supreme Court has held that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984).  Thus, failure to follow these procedural requirements may be grounds for a denial of the motion.

Here, the Movant has filed a motion to challenge the government's access to the financial records under this Act.  However, the movant has not filed a copy of the Subpoena Duces Tecum requesting financial documents from Wells Fargo Bank, or the related documentation the Office of the Treasury sent to her.  Plaintiff is advised that the Court cannot assess whether the

---

[1] Pursuant to 12 U.S.C. § 3401(5), " 'customer' means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name[.]" 12 U.S.C. § 3401(5).

procedural requirements of the Act have been met without this information.

Accordingly, no later than **October 3, 2014,** the movant shall file a copy of the original notice and the Subpoena Duces Tecum she received from the Office of the Treasury and any other related paperwork accompanying the subpoena.

**Plaintiff is advised that failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   **September 5, 2014**                        **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE

3