UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINE CHRISTINA MIRANDA,<br><br>Movant,<br><br>v.<br><br>OFFICE OF THE TREASURY INSPECTOR GENERAL FOR TAX ADMINISTRATION,<br><br>Respondent. | **14-mc-00059 GSA**<br><br>**ORDER TO SHOW CAUSE WHY THE MOVANT'S MOTION SHOULD NOT BE DENIED FOR FAILURE TO FOLLOW A COURT ORDER** |

The Movant, Ernestine Christina Miranda ("Movant"), filed a Motion for an Order Pursuant to the Customer Challenge Provisions of the Right to Financial Privacy Act of 1978 against the Office of the Treasury Inspector General for Tax Administration ("Office of the Treasury") on August 28, 2014. On September 5, 2014, this Court issued an order noting that the Movant had not filed a copy of the Subpoena Duces Tecum, *or the related documentation the Office of the Treasury sent to him*, in support of his motion. (emphasis added). (Doc. 2). On October 1, 2014, the Movant filed an amended motion, and attached a copy of the Subpoena Duces Tecum to it. (Doc. 3). However, none of the other related documentation the Court ordered

1

be produced was submitted.

This Court has already advised the Movant that as a general matter, the RFPA permits challenges to government subpoenas by customers of financial institutions. *See*, 12 U.S.C. § 3410(a). These challenge procedures constitute the sole judicial remedy available to customers who oppose the disclosure of their financial records pursuant to the RFPA. 12 U.S.C. § 3401 *et seq.*, 12 U.S.C. § 3410(e).

Pursuant to 12 U.S.C. § 3410(a), a customer of a financial institution "may file a motion to quash an administrative summons or judicial subp[o]ena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request" within "*ten days of service or within fourteen days of mailing*" of said summons or subpoena, with "copies served upon the Government authority."[1] A motion to quash a judicial subp[o]ena shall be filed in the court which issued the subp[o]ena. Such a written request shall be filed in the appropriate United States district court and shall contain an affidavit or sworn statement providing the following:

(1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and

(2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.

Service shall be made under this section upon a Government authority by delivering or mailing by registered or certified mail a copy of the papers to the person, office, or department specified in the notice which the customer has received pursuant to this chapter. "A customer's ability to challenge a subpoena is cabined by strict procedural requirements." *S.E.C. v. Jerry T.*

---

[1] Pursuant to 12 U.S.C. § 3401(5), " 'customer' means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name[.]" 12 U.S.C. § 3401(5).

*O'Brien, Inc.*, 467 U.S. 735, 745 (1984).  Thus, failure to follow these procedural requirements may be grounds for a denial of the motion.

     Here, the Movant has failed to provide the Court will the documentation establishing that the procedural requirements of the Act have been met, despite being ordered to do so. Accordingly, **no later than December 31, 2014**, the Movant shall respond to this Order to Show Cause Why the Motion for an Order Pursuant to the Customer Challenge Provisions of the Right to Financial Privacy Act of 1978, shall not be denied.  Alternatively, no later than **December 31, 2014**, the Movant shall file **a complete copy of the original notice and all of the documentation the Office of the Treasury sent to him as part of its subpoena request**.  This includes, but is not limited to, any explanation the government gave for the issuance of the subpoena, as well as any proof of service of when the Movant was served with those documents. **The Movant is advised that failure to respond to this Order to Show Cause will result in a denial of the motion.**

IT IS SO ORDERED.

   Dated:   **November 20, 2014**                   **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE